
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLA HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-02203 (JDB) |
| ) | |
| ATTORNEY GENERAL OF ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff Carla Harris brings this employment discrimination suit against the Attorney General of the United States pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff alleges that she was unlawfully discriminated against when she was terminated from her position at the Executive Office for United States Attorneys (EOUSA) of the Department of Justice (DOJ) because she was pregnant.

Defendant has moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that plaintiff failed timely to exhaust her administrative remedies before bringing suit by exceeding the 45-day time limit for initiating the complaint process. In response, plaintiff contends that the 45-day time limit to initiate administrative proceedings should be extended because she had no knowledge of the requirement.

The Court concludes that plaintiff failed timely to exhaust her administrative remedies. Accordingly, the Court grants summary judgment for defendant.

**FACTUAL BACKGROUND**

The following facts are taken from plaintiff's complaint and the uncontroverted declarations submitted by the parties.  Plaintiff was an employee of Integrated Management Services (IMSI), a private contracting company providing services to the DOJ in 2002 and 2003, during which time plaintiff was assigned to a position in the EOUSA offices reviewing security clearance applications.  Ms. Gloria Harbin, a supervisor at DOJ, had previously interviewed plaintiff and approved her hiring.  After a "significant delay" between the interview and her first day of work, plaintiff, then visibly pregnant, reported to the EOUSA offices for duty.  She arrived after lunch on her first day, was given a tour of the office and shown her work area.  Later that day Ms. Harbin met with plaintiff and detailed the duties and expectations of the position.

The next morning, June 1, 2003, plaintiff was contacted by IMSI and told to clear out her desk and report back to headquarters.[1]  There she was fired from her position at DOJ.  Plaintiff later became convinced Ms. Harbin had ordered her firing because she was pregnant and contacted an Equal Employment Opportunity (EEO) counselor on January 15, 2004, more than six months after her firing, in order to file a complaint.

**STANDARD OF REVIEW**

Defendant has filed a motion to dismiss for failure to state a claim and relies on declarations, as does plaintiff.  "When matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of

---

[1] The parties' briefs are in agreement that plaintiff was terminated on June 1, 2003. Thus, although neither the complaint nor declarations identify the date of termination, the Court will treat the June 1, 2003 date as stipulated.

as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b); see Yates v. District of Columbia, 324 F.3d 724, 725 (D.C. Cir. 2003). The Court has considered declarations outside of the pleadings and thus treats the motion as one for summary judgment. Both parties were given a reasonable opportunity to submit materials outside the pleadings, as evidenced by the submission of declarations from both sides. Further, an opportunity was afforded to each party to respond to the other's submissions. Therefore, a conversion of the Rule 12(b)(6) motion to one for summary judgment is appropriate.

Summary judgment is appropriate when the pleadings and the evidence demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may successfully support its motion by "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, 'which it believes demonstrate the absence of a genuine issue of material fact.'" Id. (quoting Fed.R.Civ.P. 56(c)).

In determining whether there exists a genuine issue of material fact sufficient to preclude summary judgment, the court must regard the non-movant's statements as true and accept all evidence and make all inferences in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of its position. Id. at 252. By pointing to the

absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment. Celotex, 477 U.S. at 322. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted). Summary judgment is appropriate if the non-movant fails to offer "evidence on which the jury could reasonably find for the [non-movant]." Id. at 252.

## ANALYSIS

Defendant moves to dismiss on the ground that plaintiff failed to timely exhaust her administrative remedies before bringing suit by exceeding the 45-day time limit for initiating the complaint process. In response, plaintiff contends that the 45-day time limit to initiate administrative proceedings should be extended because she had no knowledge of the regulation.

The exhaustion of administrative remedies is a prerequisite to relief under Title VII of the Civil Rights Act of 1964. Bayer v. U.S. Dept. of Treasury, 956 F.2d 330, 332 (D.C. Cir. 1992); Armstrong v. Reno, 172 F. Supp. 2d 11, 20 (D.D.C. 2001). The exhaustion of administrative remedies must also be timely; a plaintiff must initiate administrative proceedings by contacting an EEO counselor within 45 days of the allegedly discriminatory action. 29 C.F.R. § 1614.105(a)(1) (requiring a complainant to contact an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory"); see Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995); Armstrong, 172 F. Supp. 2d at 20. The failure to exhaust administrative remedies is an affirmative defense and therefore the defendant bears the burden of proving the plaintiff's failure to exhaust administrative remedies. Aceto v. England, 328 F. Supp. 2d 1, 4 (D.D.C. 2004); Armstrong, 172 F. Supp. 2d at 20.

In this case, it is an undisputed fact that plaintiff failed to contact an EEO counselor within 45 days of her alleged discriminatory firing on June 1, 2003. Plaintiff did not attempt to initiate administrative proceedings until January 15, 2004, a point significantly greater than 45 days after her firing. Therefore, the only issue is whether the 45-day time limit should be extended for some reason.

The 45-day time limit shall be extended "when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them." 29 C.F.R. § 1614.105(a)(2). Failure to exhaust administrative remedies by allowing the 45-day tolling period to elapse is not a jurisdictional defect but rather operates like a statute of limitations that may be tolled for equitable reasons. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Stewart v. Ashcroft, 352 F.3d 422, 425 (D.C. Cir. 2003). The plaintiff bears the burden of pleading and proving equitable reasons for noncompliance. Bayer, 956 F.3d at 332; McCants v. Glickman, 180 F. Supp. 2d 35, 39 (D.D.C. 2001). This Circuit has consistently held that equitable tolling should only be granted in "extraordinary and carefully circumscribed circumstances." Mondy v. Secretary of the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988); see also Washington v. Washington Metro. Area Transit Authority, 160 F.3d 750, 753 (D.C. Cir. 1998); Smith-Haynie v. Dist. of Columbia, 155 F.3d 575, 579-80 (D.C. Cir. 1998).

In her declaration, plaintiff asserts that at the time of her firing she was not notified of the time limit nor was she otherwise aware of it, but upon learning of it she contacted an EEO counselor "definitely within less than 45 days." Harris Decl. ¶¶ 2-3. She contends that she therefore must be granted an extension pursuant to 29 C.F.R. § 1614.105(a)(2) and that "the exception is mandatory, not discretionary." Harris Sur-Rep. at 2. Essentially, plaintiff asks this

Court to extend the 45-day time limit because she was subjectively unaware of the regulation at the time of her allegedly discriminatory firing.

The proper test for determining whether notice was given is, however, an objective one and weighs "whether information is available that is reasonably geared to inform the complainant of the relevant time limit."  Aceto, 328 F. Supp. 2d at 4 (internal citations omitted); see Jakubiak v. Perry, 101 F.3d 23, 27 (4th Cir. 1996) ("Notice is sufficient only if it is reasonably geared to inform an employee that he must see an EEO counselor within 45 days of the alleged discriminatory action."); Johnson v. Runyan, 47 F.3d 911, 918 (7th Cir. 1995) (holding that the court must determine whether notice was provided and also whether it was "reasonably geared" to inform plaintiff of the time limit); Howard v. Henderson, 112 F. Supp. 2d 1276, 1285 (M.D. Ala. 2000) ("notice may be constructive so long as it is reasonably geared to inform the employee of the time limit"); see also O'Neal v. England, 2003 WL 21788956 at *2 (D.D.C. 2004) ("[I]f the information is available to the employee, he will not be heard to claim unawareness as an excuse for missing the deadline."), aff'd on other grounds, 2004 WL 758965 (D.C. Cir. 2004); Pauling v. Sec'y of the Dep't of the Interior, 960 F.Supp. 793, 804-05 (S.D.N.Y. 1997) (summary judgment granted for defendant when plaintiff claimed he had no knowledge of the regulation but the record established the presence of EEO posters containing the time limit).[2]  Thus, resolution of this matter turns on whether information was available to plaintiff that was "reasonably geared" to

---

[2] In O'Neal, the court initially labeled this standard as a "subjective" one; however, its description of the standard and its reliance on the objective standard advocated in Pauling confirm that the court found the plaintiff's subjective knowledge irrelevant. See O'Neal, 2003 WL 21788956 at *2 (holding that where plaintiff was provided information on the 45-day exhaustion requirement during training, "plaintiff's claim that he was subjectively unaware of that information fails to support equitable tolling of the 45-day time limit," citing Pauling).

inform her of the 45-day time limit.

Defendant presents uncontradicted declarations which, when taken together, show that informational posters detailing the 45-day time limit were present in the file room and break room of the EOUSA offices during both a six month period in 2002 when plaintiff worked in the office and during her abrupt tenure in 2003. Barnes Decl. ¶¶ 2-3; Milanés Decl. ¶¶ 2-3; Noonan Decl. ¶¶ 2-3. Although the very brief period of her 2003 employment might not suffice, plaintiff had access to these rooms throughout her earlier six month employment. She does not deny using these rooms, nor does she deny the existence of the posters. Furthermore, there is no evidence to suggest that the posters contain inadequate or incorrect information concerning the EEO process which would mislead plaintiff into believing that the regulation did not apply to her.[3] Therefore, the Court finds that the notice is legally sufficient because the 45-day time limit is accurately presented on the poster and does not require supplemental research or training to decipher.[4] See Aceto, 328 F. Supp. 2d at 6 (accurate posters that clearly state the 45-day requirement suffice as constructive notice); cf. Johnson, 47 F.3d at 919-20 (a poster containing an inaccurate deadline does not constitute sufficient notice); Jakubiak, 101 F.3d at 27 (a poster with a reference to the regulation that can be found in a handbook never issued to the plaintiff is insufficient).

The uncontradicted evidence indicates that defendant provided informational posters

---

[3] In her brief, plaintiff contends that the posters refer only to obligations of "employees," which exclude independent contractors like herself. However, plaintiff has not by declaration or other competent device represented that she believed at the time of her termination that she was not a DOJ employee. Moreover, the complaint takes the position that she is a DOJ employee. Therefore, there is no genuine issue of material fact as to whether the posters provided constructive notice to plaintiff under the circumstances.

[4] Thus, the fact that plaintiff did not receive a handbook or training seminar concerning the regulation is inconsequential.

which set forth the applicable 45-day time limit in areas accessible to plaintiff during a lengthy period of her prior employment in 2002. Therefore, relevant information reasonably geared to inform plaintiff of the regulation was made available to her. The Court thus concludes that plaintiff has failed to meet her burden of proving reasons that would support an equitable tolling of the 45-day time limit, with which she concededly failed to comply.

## CONCLUSION

For the foregoing reasons, the Court grants summary judgment in favor of defendant. A separate order will be issued with this opinion.

/s/
JOHN D. BATES
United States District Judge

Dated:  October 24, 2005


Copies to:

Stephen Z. Chertkof
Heller, Huron, Cherktof, Lerner, Simon & Salzman
1730 M Street, N.W., Suite 412
Washington, D.C. 20036
Email: szc@hellerhuron.com
    *Counsel for plaintiff*

Rhonda C. Fields
Assistant United States Attorney
Civil Division
555 Fourth Street. N.W.
Washington, D.C. 20530
Email: rhonda.fields@usdoj.gov
    *Counsel for defendant*